A90A0484. MITCHEM v. JOE N. GUY COMPANY, INC.
(395 SE2d 331)

POPE, Judge.

Plaintiff Mitchem operated as a subcontractor pursuant to several written agreements with defendant Joe N. Guy Company, Inc., as general contractor. Guy entered into an equipment lease for a hydraulic excavator needed by Mitchem to complete some of the work covered by its subcontracts because Mitchem was unable to lease the equipment on its own. Guy loaned the equipment to Mitchem pursuant to an oral agreement whereby Mitchem would cover the rental payments either by reimbursing Guy or by withholdings from periodic payments due under the subcontracts.

Mitchem filed a demand for arbitration with the American Arbitration Association for sums allegedly due under the written contracts between the parties. Guy answered and counterclaimed. One of the counts of the counterclaim alleged that Mitchem had wrongly converted the equipment and withheld it from Guy and that the lessor of the equipment had filed suit against Guy to recover rental payments and costs of repairs. The counterclaim alleged that Mitchem was liable to Guy for these sums and all sums which might be found due to the lessor in the pending lawsuit.

Mitchem filed a pleading in the superior court entitled "Motion for Stay of Arbitration." In the pleading Mitchem asserted that the counterclaim relating to the equipment lease was not properly the

subject of arbitration and prayed for injunctive relief in the form of an order staying the prosecution of that portion of the counterclaim in the arbitration proceeding. The trial court denied the motion for stay of arbitration and Mitchem appeals.[1]

Mitchem's undisputed sworn statement establishes that the agreement between the parties concerning the use of and payment for the equipment was oral, not written. Mitchem stated that Guy agreed to let him use the equipment on any project, not just the projects in which he was subcontractor for Guy. Mitchem argues the oral agreement concerning the equipment is not subject to arbitration because it was not written and did not otherwise comply with the statutory requirements for subjecting an agreement to arbitration. See OCGA §§ 9-9-82 and 9-9-83 (prior to amendment effective July 1, 1988, Ga. L. 1988, p. 903, § 1). However, each of the written subcontracts contained a provision whereby the contractor may pay for expenses of labor, materials or supplies used by the subcontractor in the work and charge the costs to the subcontractor if the subcontractor fails to pay for such expenses. The agreement to pay rental charges became a debt for supplies (more accurately, equipment) owed to the general contractor itself. Therefore, just as under this provision the general contractor had the right to pay for such unpaid items and charge them back to the subcontractor, it had the right to charge the subcontractor for sums owed directly to it as a "supplier" of equipment. Consequently, the trial court did not err in denying Mitchem's prayer for relief because, as a matter of law, the amount owed under the rental agreement was arbitrable because it relates to the amount of money owed by one party to the other under the written agreements.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 8, 1990 —
REHEARING DENIED JUNE 25, 1990 — CERT. APPLIED FOR.

*Martin, Cavan & Andersen, C. Walker Ingraham, Helen K. Morad*, for appellant.

*Bentley, Karesh, Seacrest, Labovitz & Campbell, Thomas S.*

---

[1] Even though Mitchem prayed for injunctive relief, his petition was in the nature of a complaint for declaratory judgment requesting the trial court to decide as a matter of law whether written contracts between the parties, which were clearly subject to arbitration, permitted Guy to seek reimbursement for the equipment lease as part of the arbitration proceedings. Before the trial court could rule on Mitchem's prayer for injunctive relief it first had to make a decision whether, by law, payment for the leased equipment could be pursued under the written contracts. The denial of the prayer for injunctive relief necessarily indicates the trial court decided this point of law in favor of Guy. Thus, this appeal actually involves legal issues, not equitable issues, and is properly before this court on appeal.

■■■■■■■■■■■■■■■

*Bentley, Edwin A. Tate II*, for appellee.